UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL

VERSUS                                                  NO. 08-002

WILLARD TITUS WHITE                                     SECTION "R"

## ORDER AND REASONS

Before the Court is defendant's motion to suppress and request for evidentiary hearing. (R. Doc. 21.)  For the following reasons, the Court DENIES defendant's motion.

### I.    BACKGROUND

Defendant was indicted on January 4, 2008. (R. Doc. 9.)  The two count indictment charges in Count One that on or about October 8, 2007, defendant knowingly possessed with the intent to distribute five grams or more of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Count Two charges defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Defendant now moves to suppress all "evidence sought to be used by the United States in this matter or any other related matter." (Def.'s Mot. Suppress, R. Doc. 21.)  Defendant contends that the evidence was not seized or obtained incident to a valid arrest and/or search, and was obtained as the result of an unlawful search without a warrant or probable cause.

**II.  DISCUSSION**

    **A.  Evidentiary Hearing**

The Court finds that it is unnecessary to hold an evidentiary hearing to rule on defendant's motion to suppress. Defendant has not alleged any specific factual issues that are in dispute and merit an evidentiary hearing.  "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).  Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (quoting *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)).

In his motion, although defendant alleges that evidence was obtained in violation of his constitutional rights, he does not articulate any facts regarding this allegedly unlawful "arrest and/or search."  Defendant's motion does not specifically allege what evidence he seeks to suppress, but rather references all evidence "whether physical or any form of statement or confession." (Def.'s Mot. Suppress at 1.)  The motion is therefore insufficient to warrant an evidentiary hearing. *See U.S. v. De La Fuente*, 548 F.2d 528, 534 (5th Cir. 1977) ("defendants must at least allege particular facts which would

2

tend to indicate some government impropriety ... general, conclusory allegations based upon mere suspicions do not entitle a defendant to have evidence suppressed."). As there are no specific factual issues in dispute, the Court will resolve the motion to suppress on the briefs. *See also United States v. Kirk*, 528 F.2d 1057, 1064 (5th Cir. 1976) (finding that it was appropriate for trial court to decide suppression motion without an evidentiary hearing when the issue was one of law).

**B.   Suppression**

The Court finds that defendant fails to show that a prima facie issue exists that either the crack cocaine or the gun the police officers seized were obtained by an unlawful search and seizure. As the proponent of a motion to suppress, defendant has the burden of proving, by a preponderance of evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights. *United States v. Kelly*, 981 F.2d 1464, 1467 (5th Cir. 1993); *see also Nardone v. U.S.*, 308 U.S. 338, 341 (1939).

According to the police report, on October 8, 2007, Officers Washington and Humbles observed an individual, later identified as the defendant, make a sudden left turn while driving without using his left turn signal. (Police Report, R. Doc. 26-2 at 5.) The officers conducted a traffic stop. As they approached the vehicle they smelled burning marijuana. Officer Washington then

3

observed a "small piece of vegetable matter on a piece of white paper on the center console." (*Id.*)  He ordered defendant out of the vehicle, and Officer Humbles detained the defendant.  Officer Washington then retrieved the vegetable matter from the vehicle, as well as a clear Gatorade bottle containing a small amount of an unknown liquid and a handrolled cigar filled with a vegetable matter.  Recognizing the vegetable matter as marijuana, the Officers placed defendant under arrest. (*Id.*)  Officer Washington then searched the vehicle and retrieved an assault rifle from the back seat. (*Id.*)  Officer Humbles searched the defendant and discovered a clear bag filled with several large pieces of an off-white rock like substance, which the St. Tammany Parish's Sheriff's Office Crime Laboratory later determined was crack cocaine. (Govt's Opp'n at 3.)

   Although defendant contends that the evidence was seized pursuant to an invalid arrest and/or search, and further elaborates that the search was unlawful because it was without a warrant and without probable cause, the Court finds that the marijuana was lawfully obtained incident to a valid traffic stop and after the officers had probable cause to search the vehicle. The crack cocaine and assault rifle were discovered during searches incident to a valid arrest.

    The Officers pulled defendant over for failure to use a turn signal.  The police observed the defendant violate a Louisiana

4

traffic law, specifically Louisiana Revised Statute 32:104,[1] which requires that drivers use turn signals. *See State v. Preston*, 880 So.2d 64, 67 (La. App. 2004) (deputy was authorized to effect traffic stop when defendant failed to use turn signal before turning into a parking lot).  The Officers therefore had probable to cause to stop defendant's vehicle and approach the vehicle to give defendant a traffic citation. *See, e.g., United States v. Dent*, 285 Fed. Appx. 626, 628 (holding that officer had probable cause to conduct routine traffic stop after observing vehicle make a left turn without a signal, in violation of Mississippi law). (*See also* Traffic Citation, Govt.'s Ex. B.)

When the officers approached the vehicle, they both smelled burning marijuana.  In addition, Officer Washington observed a small amount of vegetable matter in plain view inside the vehicle.  The Court finds that the officers then had probable cause to search the areas of the vehicle where they had seen the vegetable matter. *United States v. Ross*, 456 U.S. 798, 823-24 (1982) (noting that police can search areas of car that might hold contraband without a warrant when police officers have legitimately stopped car and have probable cause to believe it

---

[1] "Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning." La. R.S. § 32:104(B).

contains contraband); *see also United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999) ("This Court has consistently held that the smell of marijuana alone may constitute probable cause to search a vehicle."). Officer Washington searched the immediate interior of the vehicle, seizing the marijuana on the console as well as the Gatorade bottle. At this point, recognizing that the vegetable matter was in fact marijuana, the officers had probable cause to arrest the defendant. *See United States v. Orozco*, 715 F.2d 158, 160 (1983) (finding that once the police officer observed marijuana, he "unquestionably" had the authority to search the defendant's glove compartment and arrest the defendant).

Officer Washington found the assault rifle in the back seat of the vehicle after the Officers had placed defendant under arrest. It is well-established that it is not a violation of the Fourth Amendment for an officer to search a vehicle's passenger compartment as a contemporaneous incident of arrest. *See Thornton v. United States*, 541 U.S. 615, 623 (2004) ("Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment."); *see also United States v. Collins*, 668 F.2d 819 (5th Cir. 1982) (holding that contemporaneous with arrest, secret service agents were entitled to search the passenger compartment

of the automobile, including the back seat).

The police, furthermore, may search an individual, incident to a lawful arrest, for evidence to prevent its concealment or destruction. *See e.g., Chimel v. California*, 395 U.S. 752, 763 (1969). Here, the police searched the defendant after arresting him. The officer's search of defendant and seizure of the crack cocaine he had concealed on his person was therefore lawful. *See id.; see also United States v. Robinson*, 414 U.S. 218, 235 (1973) (holding that in the case of a lawful custodial arrest, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment).

## III. CONCLUSION

The Court finds that the crack cocaine and assault rifle were seized incident to a lawful arrest, and there is no basis for defendant's conclusory contention that evidence was unlawfully and illegally obtained in violation of the Constitution. The Court therefore DENIES defendant's motion to suppress.

New Orleans, Louisiana, this 23rd day of June, 2008.

SARAH S. VANCE
UNITED STATES DISTRICT COURT